IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BLUE EAGLE FARMING, LLC, et al.[1], | ) Chapter 11 |
| | ) Case No. 18-02395-TOM11 |
| Debtor. | ) (Jointly Administered) |
| | ) |

### DEBTORS' APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

**COME NOW**, Blue Eagle Farming, LLC ("Blue Eagle"), and its affiliated debtors (each a "Debtor" and collectively, the "Debtors" or "Blue Eagle") and, pursuant to §§327(a), 329, and 1107 of title 11 of the United States Code, 11 U.S.C. § § 101, *et seq.* (the "Bankruptcy Code"), seeks the issuance and entry of an order authorizing and approving the retention and employment of Burr & Forman LLP ("Burr & Forman") as counsel for Debtor (the "Application"). This Application is based on the *Affidavit of Michael Leo Hall*, a partner of Burr & Forman (the "*Hall Affidavit*"), annexed hereto as Exhibit "A." In support of this Application, Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1. From June 8 to June 9, 2018 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court.

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-House Properties, LLC; (2) Eagle Ray Investments, LLC; (3) HJ Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

31751266 v1

Debtors continue to operate business and manage properties as a debtor in possession pursuant to §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 327(a), 329, and 1107.

### RELIEF REQUESTED

**A.     Employment of Professionals**

3. Section 327(a) of the Bankruptcy Code empowers the trustee (or debtor-in-possession), with the court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

4. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under Section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

5. By this Application, Debtors desire to retain and employ Burr & Forman as its attorneys in these chapter 11 cases, effective as of the Petition Date. Debtors have selected Burr & Forman because: (a) Debtors have consulted with Burr & Forman shortly prior to the Petition Date with respect to, *inter alia*, advice regarding a host of issues related to Debtors' restructuring efforts and the preparation for the commencement and prosecution of these chapter 11 cases; (b) Burr & Forman and the attorneys that have been assigned to this chapter 11 case have considerable experience in chapter 11 reorganization cases and the fields of debtors' and

Case 18-02395-TOM11    Doc 17    Filed 06/11/18    Entered 06/11/18 14:53:48    Desc Main
Document    Page 2 of 18

creditors' rights generally; (c) Burr & Forman does not hold or represent any interest adverse to Debtors or to its bankruptcy estate, as more particularly discussed below and in the *Hall Affidavit*; and (e) Burr & Forman is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, as more particularly discussed below.

6. Debtors envision that Burr & Forman will have responsibility for counseling and representing Debtors in connection with general bankruptcy administration in these chapter 11 cases as well as general corporate, finance, litigation, employee benefits, labor, tax, customer issues, vendor issues, insurance, and assisting Debtors on matters relating to local bankruptcy custom and practice. In the event that there is a conflict of interest with a particular matter, the Debtors are prepared to employ conflicts counsel, to handle such matter.

7. The Burr & Forman attorneys who would be actively engaged in these chapter 11 cases have been admitted to this Court, although certain of Burr & Forman's transactional attorneys may not be admitted to this Court.

8. Debtors are not aware of any objection by any creditor to Burr & Forman's employment or any actual conflict of interest if the employment herein requested is approved.

9. To the best of Debtors' knowledge, information and belief, other than as set forth in the *Hall Affidavit,* Burr & Forman has no connection with Debtors, its secured creditors, its unsecured creditors, its equity security holders or any other parties in interest or its respective attorneys, except that Debtors engaged Burr & Forman with respect to, among other things, (a) specific transactions such as contractual negotiations, (b) litigation matters, and (c) Debtors' restructuring efforts and the preparation for and the commencement and prosecution of these chapter 11 cases. As set forth in further detail in the *Hall Affidavit*, Burr & Forman, due to the

31751266 v1

3

Case 18-02395-TOM11    Doc 17    Filed 06/11/18    Entered 06/11/18 14:53:48    Desc Main
Document    Page 3 of 18

breadth of its practice in representing creditors and debtors in insolvency-related matters, as well as general litigation and transactional matters, has in the past provided or may presently provide discrete transactional and/or litigation legal services to certain of Debtors' creditors or other parties in interest in matters unrelated to and having no effect upon or influence on these chapter 11 cases.

10. To the best of Debtors' knowledge, information and belief, Burr & Forman (a) does not hold or represent any interest adverse to Debtors or to its bankruptcy estate and (b) is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code.

B. **Compensation of Professionals**

11. Burr & Forman intends to apply for compensation for professional services rendered in connection with this case and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.

12. Burr & Forman's rates are consistent with those charged by firms of comparable size and stature. Moreover, Burr & Forman's rates are set at a level designed to fairly compensate the firm for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses. It is Burr & Forman's policy to charge all of its clients for expenses incurred in connection with a client's case. In that regard, Burr & Forman utilizes a "user fee" client billing system with respect to such expenses under which a particular client is charged only for those expenses incurred on its behalf. Those expenses include, but are not limited to, photocopying, Lexis, Westlaw, facsimile transfers, long distance telephone calls, travel expenses, meals, parking, and word processing charges.

13. Debtors propose to employ Burr & Forman at the regular hourly rates set forth herein, subject to the approval of this Court.

14. The representations made in this Application with respect to Burr & Forman apply to each of Burr & Forman's partners and associates.

15. Debtors believe that Burr & Forman is well qualified to represent it in these chapter 11 cases and that Burr & Forman's retention is necessary and in the best interest of Debtors and their bankruptcy estates.

## NOTICE AND PRIOR APPLICATIONS

16. Notice of this Motion has been provided to (a) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (b) the United States Government; (c) all of Debtors' creditors; and (d) the District Director of the Internal Revenue Service for the Northern District of Alabama.

17. No previous request for the relief requested herein has been made in this bankruptcy case to this or any other court.

**WHEREFORE,** Debtors respectfully request that this Court enter an order substantially the same as in the form annexed hereto as Exhibit "B" and grant such other and further relief as this Court deems just and proper.

/s/ Michael Leo Hall
Michael Leo Hall
Marc P. Solomon
Anna W. Akers

Attorneys for Debtor
BLUE EAGLE FARMING, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

31751266 v1

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BLUE EAGLE FARMING, LLC, et al.[1], ) | Chapter 11 |
| ) | Case No. 18-02395-TOM11 |
| ) | (Jointly Administered) |
| Debtor. ) | |
| ) | |

**AFFIDAVIT IN SUPPORT OF THE DEBTORS' APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION AND STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2016 AND §§ 327(A) AND 329 OF THE BANKRUPTCY CODE**

Before me, the undersigned notary, personally appeared *Michael Leo Hall*, who being known to me and first duly sworn, deposes and states the following:

I am a partner of the law firm of Burr & Forman LLP ("Burr & Forman"), with offices at 420 North 20th Street, Suite 3400, Birmingham, Alabama 35203, and have been duly admitted to practice before, among others, the United States District Courts for the Northern, Middle and Southern Districts of Alabama. I am a member of the state bar of Alabama and am over the age of twenty-one (21) years and am competent to testify regarding the matters contained herein.

As a partner at Burr & Forman, I am one of the persons who has custody and control of Burr & Forman's business records regarding the Debtors, and their chapter 11 cases. These records

---

[1] In addition to Blue Eagle Farming, LLC, the "Debtors" include the following entities: (1) War-House Properties, LLC; (2) Eagle Ray Investments, LLC; (3) HJ Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

1

31758442 v1

were made at or near the time of the event recorded by a person (or persons) with knowledge of the event and charged with the responsibility for recording such events. These records are kept in the ordinary course of Burr & Forman's regularly conducted business activities, which is Burr & Forman's customary practice. I have reviewed Burr & Forman's records regarding Blue Eagle and its chapter 11 cases, which leads me to the summary set forth herein. All facts and procedures set forth herein are either (a) facts or procedures of which I have personal knowledge or (b) an accurate summary of Burr & Forman's business records and practices.

This Affidavit is submitted in support of the application (the "Application") of Blue Eagle, as debtors and debtors in possession ("Debtors"), for the issuance and entry of an order pursuant to § 327(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") authorizing the retention of Burr & Forman as counsel.

## SERVICES TO BE PROVIDED

Debtors have expressed its desire to retain and employ Burr & Forman as its attorneys in their chapter 11 cases effective as of the Petition Date. Debtor selected Burr & Forman because: (a) Debtor has consulted with Burr & Forman shortly prior to the Petition Date with respect to, *inter alia*, advice regarding a host of issues related to Debtor's restructuring efforts and the preparation for the commencement and prosecution of these chapter 11 cases; (b) Burr & Forman and the attorneys that have been assigned to these chapter 11 cases have considerable experience in chapter 11 reorganization cases and the fields of debtors' and creditors' rights generally; (c) Burr & Forman does not hold or represent any interest adverse to Debtors or to its bankruptcy estates; and (d) Burr & Forman is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, as more particularly discussed below.

2

31758442 v1
Case 18-02395-TOM11    Doc 17    Filed 06/11/18    Entered 06/11/18 14:53:48    Desc Main
Document    Page 8 of 18

Burr & Forman anticipates having responsibility for counseling and representing Debtors in connection with general bankruptcy administration in their chapter 11 cases as well as general corporate, finance, litigation, labor, tax, customer issues, insurance, and assisting Debtors on matters relating to local bankruptcy custom and practice.

The Burr & Forman attorneys who would be actively engaged in Debtors' chapter 11 cases have been admitted to this Court, although certain of Burr & Forman's transactional attorneys might not be admitted to this Court.

Burr & Forman intends to apply for compensation for professional services rendered in connection with Debtors' cases and for reimbursement of actual and necessary expenses incurred, in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court.

The hourly rates are subject to periodic adjustments from time to time to reflect economic and other conditions, and Burr & Forman's rates typically increase on or about the first of each year. Burr & Forman's rates are consistent with those charged by firms of comparable size and stature. Moreover, this rates are set at a level designed to fairly compensate the firm for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses. It is Burr & Forman's policy to charge all of its clients for expenses billed in connection with a client's case. In that regard, Burr & Forman utilizes a "user fee" client billing system with respect to such expenses under which a particular client is charged only for those expenses billed on its behalf. Those expenses include, but are not limited to, photocopying, Lexis, Westlaw, facsimile transfers, long distance telephone calls, travel expenses, meals, parking and word processing charges.

3

To the best of my knowledge, information and belief, neither I nor Burr & Forman has any connection with Debtors, its secured creditors, its largest unsecured creditors, or its equity security holders, except as set forth in this affidavit and Exhibit "1" hereto.

Prior to the commencement of Debtors' chapter 11 cases, Debtors engaged Burr & Forman with respect to Debtors' restructuring efforts and the preparation for and the commencement and prosecution of its chapter 11 cases. Burr & Forman, due to its size and the breadth of its practice in representing creditors and debtors in insolvency related matters, as well as general litigation and transactional matters, has in the past represented or presently represents certain entities identified through a conflict check (the "Conflict Check"), which is described more thoroughly in the following paragraph, and on Exhibit "1" hereto, in matters wholly unrelated to and having no effect upon or influence on this proceeding.

In its representation of Debtors in these chapter 11 cases, Burr & Forman conducted a Conflict Check utilizing the process described herein. First, Burr & Forman conducted a review (the "Initial Review") of a consolidated vendor list containing Debtors' known creditors. Burr & Forman continues to review its records regarding other possible creditors and vendors as the identities of such creditors and vendors is disclosed to Burr & Forman. From the results of the Initial Review, Burr & Forman identified (1) present clients and (2) former clients (the "Second Phase of Review"). During the next phase of review (the "Third Phase of Review"), Burr & Forman focused on present clients and former clients that Burr & Forman has represented within the past one (1) years (collectively, the "Present and Former Clients"). During the Third Phase of Review, Burr & Forman conducted a conflict analysis (the "Conflict Analysis") of the Present and Former Clients. The purpose of the Conflict Analysis was to ascertain the nature of Burr & Forman's representation of the Present and Former Clients and whether Burr & Forman's

4

31758442 v1
Case 18-02395-TOM11    Doc 17    Filed 06/11/18    Entered 06/11/18 14:53:48    Desc Main
Document    Page 10 of 18

representation of Debtors in these chapter 11 cases would present an issue. After Burr & Forman completed the Conflict Analysis, attorneys working on Debtors' chapter 11 cases again reviewed the Conflict Analysis results and found them to accurately reflect the data and information available to Burr & Forman.

Notwithstanding the foregoing, to the best of my knowledge, information and belief, neither I nor Burr & Forman are currently representing any of Debtors' known creditors in any matters directly adverse to Debtors. Finally, in the event that a conflict arises, Debtors are prepared to employ conflicts counsel to Debtors to handle any matters that may arise in which Burr & Forman has a possible conflict. Thus, to the extent that a direct dispute arises between Debtors and a current or former client of Burr & Forman that cannot be resolved quickly, Debtors will have competent counsel available to represent them in the matter.

While it is possible that some of Debtors' employees are current or former clients of Burr & Forman, it is unlikely, given the fact that Burr & Forman represents primarily business clients. Nevertheless, Burr & Forman intends to run a complete conflict analysis on these employees, and will disclose any conflicts to this Court if any are identified.

To the extent that Burr & Forman identifies any other parties in interest which Burr & Forman represented or, currently represents, Burr & Forman will disclose such information as it becomes known.

To the best of my knowledge, information, and belief, neither I nor Burr & Forman nor any partner, counsel or associate of Burr & Forman holds or represents any interest adverse to Debtors or to their estates.

5

31758442 v1

Case 18-02395-TOM11    Doc 17    Filed 06/11/18    Entered 06/11/18 14:53:48    Desc Main
Document    Page 11 of 18

Additionally, to the best of my knowledge, information, and belief, Burr & Forman is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b), in that it, its partners and associates:

    (a)    are not creditors, equity security holders, or insiders of the Debtors;

    (b)    are not and were not, within two (2) years before the petition date a director, officer, or employee of the Debtors; and

    (c)    do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

The statements made herein are based on the Conflict Check and further inquiries of certain Burr & Forman attorneys. Further inquiry will be made following the submission of this Affidavit, with additional disclosure to this Court, if applicable.

The Debtors paid a $500,000.00 retainer to Burr & Forman. Prior to the bankruptcy filings Burr & Forman drew down $46,235.50 for professional services rendered (including bankruptcy filing fees) up to and including June 8th, 2018. Burr & Forman is now holding the balance of $453,763.50 as a general retainer for post-petition date services and expenses incurred in connection with Debtors' chapter 11 cases, as set forth more fully below. Burr & Forman has received no other funds from the Debtors in at least the one year preceding the Petition Date.

To the extent any of the retainer is remaining after applying the retainer to Burr & Forman's pre-petition fees and expenses, such retainer will be held in trust to be applied to post-petition fees and expenses subject to Bankruptcy Court approval. To the extent Burr & Forman's pre-petition fees and expenses exceed the amount of the retainer, Burr & Forman waives such remaining pre-petition fees and expenses.

6

31758442 v1
Case 18-02395-TOM11    Doc 17    Filed 06/11/18    Entered 06/11/18 14:53:48    Desc Main
Document      Page 12 of 18

Burr & Forman has not shared, nor agreed to share (a) any compensation or reimbursement it has received or may receive with another person, other than with the partners, counsel and associates of Burr & Forman, or (b) any compensation or reimbursement another person has received or may receive. Burr anticipates paying a fixed portion of its retainer to the Debtor's financial advisor, but only after notice and court approval.

Portions of the foregoing constitutes the statement of Burr & Forman pursuant to Bankruptcy Code §§ 329 and 504 and Bankruptcy Rule 2016.

WHEREFORE, the affiant respectfully requests that this Court issue and enter an Order (a) granting the Debtors' request to employ Burr & Forman as set forth in the Application and (b) granting the Debtors such other and further relief as this Court deems just and proper.

_____
*Michael Leo Hall*, Affiant

STATE OF ALABAMA        )
COUNTY OF JEFFERSON     )

Sworn to and Subscribed before me on this 11 day of June 2018.

_____
Notary Public

My Commission expires: __11/22/2021__



7

## Exhibit "1"

A thorough review of Burr's records as described in the Affidavit suggest that Burr presently represents only three of the Debtor's potential creditors. The word is potential because it could well be that the Debtor's do not actually owe any money to these three entities. Each entity should be owed less than $1,000.00. One entity provides some utility services; a second provides some insurance; and the third is a municipality to which a small amount of taxes should be owned.

In addition, a local law firm apparently claims to be owed approximately $300,000.00 by one or more of the Debtors. One of Burr's partners is married to one of that law firm's partners. He worked on this matter before the petition was filed, at a time when this indebtedness was not known by Burr. The partner has not worked on these matters since the first petition was filed and will not work on these matters.

Burr will supplement this list when appropriate.

31751266 v1

7

**Exhibit "B"**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| BLUE EAGLE FARMING, LLC, et al.[1], | ) Chapter 11 |
| | ) Case No. 18-02395-TOM11 |
| Debtor. | ) (Jointly Administered) |
| | ) |

## ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF BURR & FORMAN LLP AS COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION

Upon consideration of the Application[2] (the "Application") filed June 11, 2018 by Blue Eagle Farming, LLC ("Blue Eagle"), and its affiliated debtors (each a "Debtor" and collectively, the "Debtors" or "Blue Eagle"), for the issuance and entry of an order, pursuant to §§ 327(a) and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the retention and employment of Burr & Forman LLP ("Burr & Forman") as counsel for Debtors; and upon the *Affidavit of Michael Leo Hall*, a partner of Burr & Forman, which is annexed to the Application as Exhibit "A" (the "*Hall Affidavit*"); and it appearing that the attorneys of Burr & Forman who will be actively engaged in this case have been admitted to this Court; and the Court being satisfied that, as set forth in the *Hall Affidavit*, (a) Debtors have consulted with Burr & Forman prior to the Petition Date with respect to, *inter alia*, advice regarding a host of

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-House Properties, LLC; (2) Eagle Ray Investments, LLC; (3) HJ Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

1

31758465 v1

issues related to Debtors' restructuring efforts and the preparation for the commencement and prosecution of these chapter 11 cases; (b) Burr & Forman and the attorneys that have been assigned to these chapter 11 cases have considerable experience in chapter 11 reorganization cases and the fields of debtors' and creditors' rights generally; (c) Burr & Forman does not hold or represent any interest adverse to Debtors or to their bankruptcy estates; and (e) Burr & Forman is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code; and the Court having determined that the retention and employment of Burr & Forman is necessary and is in the best interests of Debtors and their estates; and due notice of the Application having been provided to (a) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (b) the United States Government; (c) all of Debtors' creditors; and (d) the District Director of the Internal Revenue Service for the Northern District of Alabama; and it appearing that no other or further notice need be given; and no adverse interest being represented; and after due deliberation and sufficient cause appearing therefore; it is hereby

**ORDERED** that the Application is **APPROVED on a final basis**; and it is further

**ORDERED** that, in accordance with §§ 327(a), 329 and 1107 of the Bankruptcy Code and Bankruptcy Rule 2014, Debtors are authorized and empowered to retain and employ Burr & Forman as attorneys to represent them in these chapter 11 cases, and to perform any other legal services requested by Debtors, effective as of the Petition Date; and it is further

**ORDERED** that the compensation of Burr & Forman for services performed are at Burr & Forman's regular hourly rates, subject to the approval of this Court; and it is further

**ORDERED** that Burr & Forman shall be subject to any Orders entered by this Court pertaining to the submission of fee applications by professional persons retained pursuant to 11 U.S.C. § 327(a) ("Professionals") and the payment of Professionals.

Dated: June ___, 2018.

                                                                           _____
                                                                           Tamara O. Mitchell
                                                                           U.S. Bankruptcy Judge