# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>BLUE EAGLE FARMING, LLC, et al.[1], )<br>)<br>Debtor. )<br>) | **Chapter 11**<br>**Case No. 18-02395-TOM11**<br>**(Jointly Administered)** |

## DEBTORS' SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS WITHIN WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES

**COMES NOW**, Debtor in Possession Blue Eagle Farming, LLC ("Blue Eagle"), and its affiliated debtors (each a "Debtor" and collectively, the "Debtors" or "Blue Eagle"), by and through the undersigned counsel, and respectfully moves this Court (the "Motion") for the entry of an order Extending the Exclusive Time to File a Chapter 11 Plan and Solicit Acceptances (the "Exclusivity Period"). In support of this Motion, the Debtosr respectfully show as follows:

### JURISDICTION AND VENUE

1.  From June 8 to June 9, 2018 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. Debtors continue to operate businesses and manage assets as debtors-in-possession pursuant to §§ 1107(a) and 1108.

2.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-Horse Properties, LLLP; (2) Eagle Ray Investments, LLC; (3) H J Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

4. Venue of the Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Since the Petition Date, Debtors have been operating businesses as debtor-in-possession pursuant to the Bankruptcy Code. No request for the appointment of a trustee has been made.

## RELIEF REQUESTED

6. On September 17, 2018, the Debtors filed their first motion to extending the exclusive time to file a chapter 11 plan and solicit acceptances (the "First Exclusivity Motion") [Docket No. 242].

7. On October 5, 2018, the Court entered its order granting the First Exclusivity Motion (the "Exclusivity Order") and extended the exclusive period within which the Debtors may file a plan through February 5, 2019 and the exclusive time to solicit acceptances through April 5, 2019 [Docket No. 263].

8. By this Motion, the Debtors seek to extend the exclusive period within which the Debtors may file a plan through and including May 5, 2019 and the exclusive time to solicit acceptances through July 5, 2019.

9. The statutory predicates for the relief requested by this Motion are Sections 1121(b), 1121(c)(2), 1121(c)(3), and 1121(d) of the Bankruptcy Code.

## BASIS OF RELIEF

10. Pursuant to 11 U.S.C. §§ 1121(b) and (c) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization until 120 days after the petition date, and, if a debtor files a plan within such 120-day period, the exclusive right to confirm a plan continues until 180 days from the petition date.

11.     Since Petition Date, Debtors have been diligently administering its case as a debtor-in-possession. To that end, Debtors began this case by engaging the major parties in interest in an effort to reach agreements with those parties and file a consensual plan.  While the Debtors are still willing to reach agreements with the major parties in interest and file a consensual plan, the Debtors have moved forward with legal actions in an effort to resolve the claims of the major parties in interest to enable the Debtors to file a chapter 11 plan.

12.     These efforts include moving forward with an appeal of the South Carolina judgment and also filing objections to the proofs of claim filed by HDL as well as related pleadings. There will, however, not be a resolution of any of these actions prior to the end of the exclusive time which the Debtors may file a plan.

13.     An extension of the exclusivity period is appropriate in light of: (a) the size and complexity of the Debtors' bankruptcy cases, (b) the Debtors' are paying their debts as they come due and continue to appropriately administer the Debtors' bankruptcies, and (c) the Debtors have negotiated in good faith with the major parties in interest in the Debtors' bankruptcy cases and have diligently moved forward with resolving the major parties' claims when consensual resolutions have, at least for now, not been successful, an extension of the exclusivity period is appropriate.

14.     Pursuant to § 1121(d) of the Bankruptcy Code, the Court may "for cause reduce or increase the 180-Day Exclusivity Period" on request of any party in interest and after notice and a hearing.

15.     The Debtors requests that the court enter seek to extend the exclusive period within which the Debtors may file a plan through and including May 5, 2019 and the exclusive time to solicit acceptances through July 5, 2019.

16. The relief requested in this Motion will not prejudice the rights of interested parties.

**WHEREFORE**, the Debtor respectfully requests entry of an order extend the exclusive period within which the Debtors may file a plan through and including May 5, 2019 and the exclusive time to solicit acceptances through July 5, 2019, and granting the Debtor such other and further relief as this Court deems just and proper.

Respectfully submitted,

This the 11th day of January 2019.

                                        s/ Marc P. Solomon
                                        Michael Leo Hall
                                        Marc P. Solomon
                                        Anna W. Akers

                                        Attorneys for Debtor
                                        Blue Eagle Farming, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document on the attached Master Service List by Notice of Electronic Filing, U.S. First Class Mail, or email as indicated on this the 11th day of January 2019.

                                        /s/ Marc P. Solomon
                                        OF COUNSEL