IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 11** |
| BLUE EAGLE FARMING, LLC, et al.[1], ) | **Case No. 18-02395-TOM11** |
| ) | **(Jointly Administered)** |
| Debtor. ) | |

### DEBTORS' EXPEDITED MOTION TO TEMPORARILY EXTEND EXCLUSIVE PERIODS PENDING RULING ON DEBTORS' SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS WITHIN WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES

**COMES NOW**, Debtor in Possession Blue Eagle Farming, LLC ("Blue Eagle"), and its affiliated debtors (each a "Debtor" and collectively, the "Debtors" or "Blue Eagle"), by and through the undersigned counsel, and respectfully moves this Court (the "Motion") for the entry of an order temporarily extending the Exclusivity Period (defined herein) pending a ruling on the *Debtors' Second Motion to Extend the Exclusive Time to File a Chapter 11 Plan and Solicit Acceptances* (the "Exclusivity Period"). In support of this Motion, the Debtors respectfully show as follows:

### RELIEF REQUESTED

1. On September 17, 2018, the Debtors filed their first motion to extending the exclusive time to file a chapter 11 plan and solicit acceptances (the "First Exclusivity Motion") [Docket No. 242].

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-Horse Properties, LLLP; (2) Eagle Ray Investments, LLC; (3) H J Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

32881495 v1

2. On October 5, 2018, the Court entered its order granting the First Exclusivity Motion (the "Exclusivity Order") and extended the exclusive period within which the Debtors may file a plan through February 5, 2019 and the exclusive time to solicit acceptances through April 5, 2019 [Docket No. 263].

3. On January 11, 2018, the Debtors filed their *Second Motion to Extend the Exclusive Time to File a Chapter 11 Plan and Solicit Acceptances* (the "Second Exclusivity Motion"). The Court set a hearing on that Motion for February 11, 2018, six days after the expiration of the Exclusivity Period.

4. By this Motion, in order to allow time for the Court to consider the Debtors' Second Exclusivity Motion prior to the expiration of the Exclusivity Period, the Debtors seek to extend the exclusive period within which the Debtors may file a plan through and including February 13, 2018 and the exclusive time to solicit acceptances through April 15, 2019.

5. While the Debtors believe that prior precedent from this Court provides that the Exclusivity Period is tolled pending a ruling on a motion to extend exclusivity filed before the expiration of the exclusive time within which a debtor may file a plan, the Debtors' file this Motion out of an abundance of caution.

6. The statutory predicates for the relief requested by this Motion are Sections 1121(b), 1121(c)(2), 1121(c)(3), and 1121(d) of the Bankruptcy Code.

7. The relief requested in this Motion will not prejudice the rights of interested parties.

8. A proposed order is attached hereto as Exhibit A.

**WHEREFORE**, pending a ruling on the Second Exclusivity Motion, the Debtors respectfully request entry of an order extend the exclusive period within which the Debtors may file a plan through and including February 13, 2019 and the exclusive time to solicit acceptances

through April 15, 2019, and granting the Debtor such other and further relief as this Court deems just and proper.

Respectfully submitted,

This the 25th day of January 2019.

                                                      s/ Marc P. Solomon
                                                     Michael Leo Hall
                                                     Marc P. Solomon
                                                     Anna W. Akers

                                                     Attorneys for Debtor
                                                     Blue Eagle Farming, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of the foregoing document on the attached Master Service List by Notice of Electronic Filing, U.S. First Class Mail, or email as indicated on this the 25th day of January 2019.

                                                     /s/ Marc P. Solomon
                                                     OF COUNSEL

Master Service List: *In re: Blue Eagle Farming, LLC, et al*; Case No. 18-02395-TOM11; updated 1/25/2019

**VIA CM/ECF:**

| | |
|---|---|
| Counsel for the Debtors<br>Michael Leo Hall<br>Marc P. Solomon<br>Anna W. Akers<br>Burr & Forman LLP<br>420 North 20th Street, Suite 3400<br>Birmingham, AL 35203<br>mhall@burr.com<br>msolomon@burr.com<br>aakers@burr.com | Co-Counsel for Debtors<br>G. Daniel Evans<br>Maurine C. Evans<br>Alexandria Parrish<br>The Evans Law Firm, P.C.<br>1736 Oxmoor Road, Suite 101<br>Birmingham, AL 35209<br>gdevans@evanslawpc.com<br>mevans@evanslawpc.com<br>ap@evanslawpc.com |
| Counsel for Richard T. Arrowsmith, as Liquidating Trustee of The HDL Liquidating Trust<br>Daniel D. Sparks<br>Bradley R. Hightower<br>Christian & Small LLP<br>1800 Financial Center<br>505 North 20th Street<br>Birmingham, AL 35203<br>ddsparks@csattorneys.com<br>brhightower@csattorneys.com | Counsel for United States of America<br>Andrew D. Warner<br>U.S. Department of Justice<br>Civil Division<br>1100 L Street, NW, Room 7104<br>Washington, DC 200530<br>andrew.warner@usdoj.gov |
| Counsel for United States of America<br>Richard E. O'Neal<br>Ed Ragland<br>Assistant United States Attorney<br>1801 4th Avenue North<br>Birmingham, AL 35203<br>USAALN.BANKRUPTCY@usdoj.gov<br>Ed.Ragland@usdoj.gov | Counsel for Michael R. Waters<br>Seth B. Thompson<br>The Thompson Law Firm, LLC<br>1701 Main Avenue SW, Suite 5<br>Cullman, Alabama 35055<br>seththompson@thompsonattorneys.com |
| Jon A. Dudeck<br>Assistant U.S. Bankruptcy Administrator<br>1800 5th Avenue North<br>Birmingham, AL 35203<br>jon_dudeck@alnba.uscourts.gov | Counsel for White Arnold & Dowd, PC<br>William Kent Upshaw<br>Comer & Upshaw, LLP<br>2107 2ndAvenue North<br>Birmingham, Alabama 35203<br>wkupshaw@comerupshaw.com |
| Counsel for Scarlett Lutz, Kayla Webster, William J. Tuck, Esq. and Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP<br>William C. Athanas<br>Waller Lansden Dortch & Davis LLP<br>1901 Sixth Avenue North, Suite 1400<br>Birmingham, AL 35203<br>Bill.Athanas@wallerlaw.com | |

31797837 v2

**VIA E-MAIL:**

| | |
|---|---|
| J. Thomas Corbett<br>Bankruptcy Administrator<br>1800 5th Avenue North<br>Birmingham, AL 35203<br>thomas_corbett@alnba.uscourts.gov | Counsel for Richard T. Arrowsmith, as Liquidating Trustee of The HDL Liquidating Trust<br>Richard S. Kanowitz<br>Cooley LLP<br>1114 Avenue of the Americas<br>New York, New York 10036<br>rkanowitz@cooley.com |
| Counsel for Richard T. Arrowsmith, as Liquidating Trustee of The HDL Liquidating Trust<br>Cullen D. Speckhart<br>Wolcott Rivers Gates<br>919 E. Main Street, Ste. 2010<br>Richmond, Virginia 23219<br>200 Bendix Road, Ste. 300<br>Virginia Beach, Virginia 23452<br>cspeckhart@wolriv.com | Marc S. Raspanti<br>Pamela Coyle Brecht<br>Michael A. Morse<br>Pietragallo Gordon Alfano Bosick & Raspanti, LLP<br>1818 Market Street, Suite 3402<br>Philadelphia, PA 19103<br>msr@pietragallo.com<br>pcb@pietragallo.com<br>mam@pietragallo.com |
| James C. Leventis, Jr.<br>US Attorneys Office (Cola)<br>1441 Main Street, Suite 500<br>Columbia, SC 29201<br>james.leventis@usdoj.gov | |

**VIA U.S. MAIL:**

| | |
|---|---|
| The District Director of the Internal Revenue Service for the Northern District of Alabama<br>801 Tom Martin Drive<br>Birmingham, AL 35211 | Chase Auto Finance<br>P.O. Box 901076<br>Fort Worth, TX 76101-2076 |

# EXHIBIT A

32881495 v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BLUE EAGLE FARMING, LLC, et al.[1], ) | Chapter 11 |
| ) | Case No. 18-02395-TOM11 |
| Debtor. ) | (Jointly Administered) |
| ) | |
| ) | |

## ORDER GRANTING DEBTORS' EXPEDITED MOTION TO TEMPORARILY EXTEND EXCLUSIVE PERIODS PENDING RULING ON DEBTORS' SECOND MOTION TO EXTEND THE EXCLUSIVE PERIODS WITHIN WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES

This matter came to be heard upon the motion (the "Motion") of Blue Eagle Farming, LLC ("Blue Eagle"), and its affiliated debtors (each a "Debtor" and collectively, the "Debtors" or "Blue Eagle"), for entry of an order temporarily extending the Exclusivity Period (defined herein) pending a ruling on the *Debtors' Second Motion to Extend the Exclusive Time to File a Chapter 11 Plan and Solicit Acceptances* (the "Exclusivity Period"). It appearing that this Court has jurisdiction to Consider the Motion pursuant to 28 U.S.C. §§ 157 and 1333; and it appearing that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that due notice of the Motion having been provided to the Master Service List; and it appearing that no other or further notice need be provided; the Court having held a hearing on the Motion and determined that the relief sought in the Motion is in the best interests of Debtors, its

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-Horse Properties, LLLP; (2) Eagle Ray Investments, LLC; (3) H J Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

32881855 v1

creditors, and all parties in interest; upon the Motion and all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that, pursuant to 11 U.S.C. § 1121(d), the exclusive period within which the Debtors may file a plan is extended through and including February 13, 2019; and it is further

**ORDERED** that, pursuant to 11 U.S.C. § 1121(d), the exclusive period of time within which the Debtors may obtain acceptances of a plan is extended through and including April 15, 2019; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January _____, 2019

_____
Tamara O. Mitchell
U.S. Bankruptcy Judge