| | |
|---|---|
| In Re: ) | |
| ) | |
| BLUE EAGLE FARMING, LLC, et al.,[1] ) | Case No. 18-02395-TOM-11 |
| ) | (Jointly Administered) |
| Debtors. ) | |

_____

## MEMORANDUM OPINION AND ORDER

This case came before the Court on February 11, 2019 for a hearing on the Debtors' Objection and Motion for a Judgment on the Pleadings and As a Matter of Law As to Proofs of Claim Numbers 5, 6 and 7 Filed by Richard Arrowsmith As Liquidating Trustee of the HDL Liquidating Trust (the "Objection and Motion") (Doc. 312); the Liquidating Trustee's Opposition to Debtors' Objection and Motion for Judgment on the Pleadings and As a Matter of Law As to Proofs of Claim Numbers 5, 6 and 7 Filed by Richard Arrowsmith As Liquidating Trustee of the HDL Liquidating Trust (the "Response") (Doc. 349); and the Debtors' Reply to the HDL Liquidating Trustee's Opposition to Debtors' Objection and Motion for Judgment on the Pleadings and As Matter of Law As to Proofs of Claim Numbers 5, 6 and 7 Filed by Richard Arrowsmith As Liquidating Trustee of the HDL Liquidating Trust (the "Reply") (Doc. 386). Appearances were as noted on the record. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a) and the District Court's General Order of Reference Dated July 16, 1984, as Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-Horse Properties, LLLP; (2) Eagle Ray Investments, LLC; (3) H J Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:
> The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

defined in 28 U.S.C. § 157(b)(2)(B).[3] This Court has considered the pleadings, arguments of counsel, and the law, and finds and concludes as follows:[4]

## FINDINGS OF FACT[5]

The Debtors and Richard Arrowsmith, in his capacity as Liquidating Trustee of the HDL Liquidating Trust (the "Liquidating Trustee"), have a long, well-documented history beginning long before the Debtors' bankruptcy cases were filed. Only an abbreviated recital of the history is necessary for an understanding of the issue currently before this Court.

Health Diagnostic Laboratory, Inc. and its affiliated debtors filed bankruptcy cases in the United States Bankruptcy Court for the Eastern District of Virginia in 2015. A plan was confirmed, and the Liquidating Trustee was appointed. The Liquidating Trustee has filed adversary proceedings against over 100 defendants, including this Court's Debtors,[6] asserting claims for, among other things, fraud, conspiracy, and unjust enrichment (the "Virginia Litigation").[7]

The Debtors filed their bankruptcy cases in this Court on June 8, 2018. On September 11, 2018, the Liquidating Trustee filed an adversary proceeding against Debtor Robert Bradford Johnson ("Johnson") seeking a determination that any amounts owed by Johnson as a result of the Virginia Litigation are non-dischargeable (the "Johnson AP"). Soon thereafter, on September 27, 2018, the Liquidating Trustee filed three proofs of claim (the "Proofs of Claim") against one or

---

[3] 28 U.S.C. §157(b)(2)(B) provides as follows:
    (b)(2) Core proceedings include, but are not limited to–
       . . .
       (B) allowance or disallowance of claims against the estate or exemptions from property of the estate[.]

[4] This Memorandum Opinion and Order constitutes findings of facts and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters in bankruptcy pursuant to Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Bankruptcy Procedure 9014.

[5] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

[6] Debtor Armor Light, LLC is not a defendant in the adversary proceedings pending in Virginia.

[7] The Liquidating Trustee has filed multiple pleadings seeking to move all litigation involving the Liquidating Trustee and the Debtors to the Virginia bankruptcy court. As of this date, at least one of this Court's orders denying the requested relief is on appeal to the United States District Court for the Northern District of Alabama.

2

more of the Debtors: Claim 5 filed against all of the Debtors in an amount to be determined for "[a]ny and all claims against the Debtors not otherwise asserted that the HDL Liquidating Trustee may discover in his investigations of the Debtors"; Claim 6 filed against Debtor Robert Bradford Johnson ("Johnson") in the amount of $500,000,000, or as determined after trial, for claims against Johnson in the "Tax Complaint" pending in Virginia; and Claim 7 filed against all Debtors, except Armor Light, LLC, in the amount of $600,000,000, or as determined after trial, for claims against the Debtors in the "D&O Complaint" and in the "Constructive Trust Complaint" pending in Virginia. Per Claims 6 and 7, the Liquidating Trustee seeks to have these debts declared non-dischargeable with regard to Johnson in the Johnson AP. Claims 5 and 7 reflect that a portion of the claims have been or perhaps will be assigned to the Liquidating Trustee by other creditors.[8]

## CONCLUSIONS OF LAW

### Judgment on the Pleadings

According to the Debtors' Objection, they seek a judgment on the pleadings that disallows the Liquidating Trustee's three Proofs of Claim.[9] "'Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts.'" *Cunningham v. District Attorney's Office for Escambia County*, 592 F.3d 1237, 1255 (11th Cir. 2010) (quoting *Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1232 - 33 (11th Cir. 2005)). According to the Eleventh Circuit Court of Appeals, "[i]n determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading,

---

[8] Besides asserting in Claim 5 that he reserves an opportunity to later bring additional claims against the Debtors that have yet to be discovered, the Liquidating Trustee apparently anticipates acquiring additional claims from other creditors.

[9] The Debtors indicate that they are not including the Liquidating Trustee's counts regarding distributions to shareholders in their request for a judgment on the pleadings. *See* Objection and Motion at 3 & n.3.

Case 18-02395-TOM11    Doc 430    Filed 04/01/19    Entered 04/01/19 15:44:39    Desc
Main Document    Page 3 of 6

and we view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Perez*, 774 F.3d at 1335 (citing *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956)).

Motions for judgment on the pleadings are governed by Rule 7012 of the Federal Rules of Bankruptcy Procedure, incorporating Rule 12(c) of the Federal Rules of Civil Procedure. Under Bankruptcy Rule 7012, a motion for judgment on the pleadings may be filed in an adversary proceeding. Fed. R. Bankr. P. 7012(b), Fed. R. Civ. P. 12(c). However, an objection to claim is a contested matter, not an adversary proceeding. *See In re SFD@Hollywood, LLC*, 411 B.R. 453, 454 (Bankr. S.D. Fla. 2009); *see also* Fed. R. Bankr. P. 7012, 9014. Unless a court orders otherwise, a motion for judgment on the pleadings is not appropriate in a contested matter:

> A motion for judgment on the pleadings pursuant to Bankruptcy Rule 7012 is improper in a contested matter under Bankruptcy Rule 9014. Bankruptcy Rule 9014 provides that only certain rules in the 7000 series apply in contested matters under Bankruptcy Rule 9014. Bankruptcy Rule 7012 is not among the enumerated applicable rules. Bankruptcy Rule 9014 further provides that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Fed. R. Bankr. P. 9014. Because the Court has not directed that the rules governing adversary proceedings shall apply to this contested matter, [the] motion for judgment on the pleadings is inapplicable. Consequently, that motion will be denied.

*In re Stoecker*, 143 B.R. 118, 128-29 (Bankr. N.D. Ill. 1992), *rev'd in part on other grounds by Bellwood v. Stoecker (In re Stoecker)*, 143 B.R. 879 (N.D. Ill. 1992). *See also Wetdog, LLC*, Case No. 13-40601, 2015 WL 4887418, at *14 (Bankr. S.D. Ga. Aug. 14, 2015).

This Court has not directed, ordered, or ruled that Bankruptcy Rule 7012 is applicable to the pending Objection and Motion. Even if this Court had ruled or concluded that Bankruptcy

4

Rule 7012 applies in this matter, the Debtors would still not be entitled to their requested relief. In their Reply, the Debtors explain their reasoning for requesting a judgment on the pleadings:

> This Court has made clear over the years that in the interests of judicial economy, it prefers to resolve unsettled claim disputes after an evidentiary hearing rather than by paper motions. But here, the HDL Trustee and his lead counsel testified that they needed to take ninety (90) depositions in order to try the objections to their claims and to dischargeability. Moreover, they testified that a trial would not occur until 2020. So, Debtors sought a path forward that did not require 90 depositions and could be completed sooner. This path is the equivalent of a Rule 12(c) motion for a judgment on the pleadings. This motion focuses on the HDL Trustee's pleadings which, for these purposes, are assumed to be true removing any need to address the underlying evidence.

Reply at 10. The Debtors urge this Court to determine that based on the Liquidating Trustee's pleadings he has no viable causes of action against the Debtors, without regard to any of the underlying evidence. However, considering the complexity of both the alleged causes of action and the espoused defenses, even when taking the material facts alleged in the pleadings as true, the Court finds that the disputes cannot be resolved without examining the underlying evidence. Although the Court can understand why the Debtors would prefer a less expensive and less protracted resolution to the disputes, it is not justified in this matter. Because Bankruptcy Rule 7012 is not applicable in contested matters, the Debtors' request for a judgment on the pleadings is due to be denied.

**<u>Objection to Proofs of Claim</u>**

A proof of claim filed in accordance with Bankruptcy Rule 3001 is "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "The burden then shifts to the objecting party to "'come forward with enough substantiations to overcome the claimant's prima facie case.'" *In re Walston*, 606 Fed. App'x 543, 546 (11th Cir. 2015) (quoting *Benjamin v. Diamond (In re Mobile Steel Co.)*, 563 F.2d 692, 701 (5th Cir. 1977)). *See also In re PMF Enterprises, Inc.*, 517 B.R. 350, 356 (Bankr. M.D. Ga. 2014) ("The burden is on the objecting

party to rebut this presumption by presenting 'facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim.'" (quoting *Wright v. Holm (In re Holm)*, 931 F.2d 620, 623 (9th Cir. 1991))). The prima facie validity of a claim may be rebutted by evidence, not a legal argument. *See Walston*, 606 Fed. App'x at 548.

For purposes of their Objection, the Debtors did not provide evidence to rebut the prima facie validity of the Proofs of Claim, as their end goal was to receive a judgment on the pleadings without the need for this Court to examine the evidence. Because the prima facie validity of the Proofs of Claim has not been rebutted, the Debtors' Objection is due to be overruled.

It is therefore **ORDERED, ADJUDGED, AND DECREED** that the Debtors' Objection and Motion, to the extent it requests a judgment on the pleadings, is **DENIED**. It is further

**ORDERED, ADJUDGED, AND DECREED** that the Debtors' Objection and Motion, to the extent it requests that the Proofs of Claim be disallowed, is **OVERRULED WITHOUT PREJUDICE**.

Dated: April 1, 2019 /s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

TOM/dgm