## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 11** |
| **BLUE EAGLE FARMING, LLC, et al.**[1], ) | **Case No. 18-02395-TOM11** |
| ) | **(Jointly Administered)** |
| **Debtor.** ) | |
| ) | |

## DEBTORS' MOTION TO EXTEND THE EXCLUSIVE PERIODS WITHIN WHICH THE DEBTORS MAY SOLICIT ACCEPTANCES

**COMES NOW**, Debtor in Possession Blue Eagle Farming, LLC ("Blue Eagle"), and its affiliated debtors (each a "Debtor" and collectively, the "Debtors" or "Blue Eagle"), by and through the undersigned counsel, and respectfully moves this Court (the "Motion") for the entry of an order Extending the Exclusive Time to Solicit Acceptances (the "Exclusivity Period"). In support of this Motion, the Debtors respectfully show as follows:

### JURISDICTION AND VENUE

1.      From June 8 to June 9, 2018 (the "Petition Date"), Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. Debtors continue to operate businesses and manage assets as debtors-in-possession pursuant to §§ 1107(a) and 1108.

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1] In addition to Blue Eagle Farming, LLC, the Debtors include the following entities: (1) War-Horse Properties, LLLP; (2) Eagle Ray Investments, LLC; (3) H J Farming, LLC; (4) Blue Smash Investments, LLC; (5) Armor Light, LLC; (6) Forse Investments, LLC; and (7) Robert Bradford Johnson.

4.     Venue of the Debtors' chapter 11 cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.     Since the Petition Date, Debtors have been operating businesses as debtor-in-possession pursuant to the Bankruptcy Code. No request for the appointment of a trustee has been made.

<u>**RELIEF REQUESTED**</u>

6.     On September 17, 2018, the Debtors filed their first motion to extend the exclusive time to file a chapter 11 plan and solicit acceptances (the "First Exclusivity Motion") [Docket No. 242].

7.     On October 5, 2018, the Court entered its order granting the First Exclusivity Motion (the "First Exclusivity Order") and extended the exclusive period within which the Debtors may file a plan through February 5, 2019 and the exclusive time to solicit acceptances through April 5, 2019 [Docket No. 263].

8.     On January 11, 2019, the Debtors filed their second motion to extend the exclusive time to file a chapter 11 plan and solicit acceptances (the "Second Exclusivity Motion") [Docket No. 360].

9.     On April 24, 2019, the Court entered its order granting the Second Exclusivity Motion (the "Second Exclusivity Order") and extended the exclusive period within which the Debtors may file a plan through and including May 5, 2019 and the exclusive time to solicit acceptances through July 5, 2019. [Docket No. 466].

10.     On May 3, 2019, Debtors filed the Joint Plan of Reorganization (the "Corporate Plan") [Docket No. 474], the Disclosure Statement with Respect to Joint Plan of Reorganization (the "Corporate Plan Disclosure Statement") [Doc. No. 475], the Chapter 11 Plan of

Reorganization of Robert Bradford Johnson (the "Individual Plan") [Docket No. 476], and the Disclosure Statement with Respect to the Individual Plan (the "Individual Plan Disclosure Statement") [Doc. No. 477].

11. The Debtors, the United States and the HDL Trustee (together, the "Parties") continued to negotiate, and Debtors filed their third motion to extend the exclusive time in which to solicit acceptances (the "Third Exclusivity Motion") [Docket No. 513]. On June 10, 2019, the Court entered its order granting the Third Exclusivity Motion.

12. On July 14, 2019, Debtors filed the Second Amended Corporate Plan [Doc. No. 575], the Second Amended Corporate Plan Disclosure Statement [Doc. No. 573], the Second Amended Individual Plan [Doc. No. 571], and the Second Amended Individual Plan Disclosure Statement [Doc. No. 569].

13. On July 25, 2019, the Court entered its order approving the Corporate Plan Disclosure Statement and the Individual Plan Disclosure Statement (together, the "Disclosure Statements"). [Docket No. 616].

14. Subsequently, the Parties engaged in mediation and reached a settlement.

15. On August 28, 2019, the Court entered a Consent Order Extending Certain Deadlines and Dates Based Upon Mediation. [Doc. No. 649]. The Parties consented to the entry of this order that extended the time within which the Debtors may obtain acceptances of a plan through and including September 30, 2019. The Parties agreed to suspend the remaining deadlines contained in the Order Approving Debtors' Disclosure Statements [Doc. No. 616].

16. As a result of the settlement, the Debtors are working to file new plans acceptable to the Parties. However, the plans are not yet ready to be filed, and Debtors will not be able to solicit acceptances by September 30, 2019.

17.     By this Motion, the Debtors seek to extend the exclusive period within which the Debtors can solicit acceptances through November 15, 2019.

18.     The Parties will continue to negotiate concerning the terms of the settlement and the plans.

19.     The statutory predicates for the relief requested by this Motion are Sections 1121(b), 1121(c)(2), 1121(c)(3), and 1121(d) of the Bankruptcy Code.

**BASIS OF RELIEF**

20.     Pursuant to 11 U.S.C. §§ 1121(b) and (c) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization until 120 days after the petition date, and, if a debtor files a plan within such 120-day period, the exclusive right to confirm a plan continues until 180 days after filing.  11 U.S.C. § 1121.

21.     Since Petition Date, Debtors have been diligently administering the cases as debtors-in-possession. Debtors have been negotiating with the parties in interest in an effort to reach agreements with those parties and file a consensual plan. Debtors have continued negotiations with the parties in interest even after filing the Corporate Plan and the Individual Plan (together, the "Plans"). The Debtors reached a settlement with the Parties, and are engaging in efforts to file consensual plans.

22.     An extension of the exclusivity period is appropriate in light of: (a) the filing of the Plans and the Disclosure Statements; (b) the Court's approval of the Disclosure Statements; (c) the Debtors' are paying their post-petition debts as they come due and continue to appropriately administer the Debtors' bankruptcies; (d) the Debtors have negotiated in good faith with the parties in interest in the Debtors' bankruptcy cases and have diligently moved forward with the

confirmation process; (e) the largest Parties have agreed to settle their disputes and respectfully request more time to work towards filing consensual plans.

23. Pursuant to § 1121(d) of the Bankruptcy Code, the Court may "for cause reduce or increase the 180-Day Exclusivity Period" on request of any party in interest and after notice and a hearing.

24. The Debtors seek to extend the exclusive period within which the Debtors may solicit acceptances through November 15, 2019.

**WHEREFORE**, the Debtors respectfully request entry of an order extending the exclusive period within which the Debtors may solicit acceptances through November 15, 2019, and granting the Debtors such other and further relief as this Court deems just and proper.

Respectfully submitted,

This the 26th day of September 2019.

/s/ Michael L. Hall
Michael Leo Hall
Marc P. Solomon
Anna W. Akers

Attorneys for Debtor
Blue Eagle Farming, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the foregoing document on the attached Master Service List by Notice of Electronic Filing, U.S. First Class Mail, or email as indicated on this the 26th day of September, 2019.

/s/ Michael L. Hall
OF COUNSEL

**VIA CM/ECF:**

Counsel for the Debtors
Michael Leo Hall
Marc P. Solomon
Anna W. Akers
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
mhall@burr.com
msolomon@burr.com
aakers@burr.com

Co-Counsel for Debtors
G. Daniel Evans
Maurine C. Evans
Alexandria Parrish
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209
gdevans@evanslawpc.com
mevans@evanslawpc.com
ap@evanslawpc.com

Counsel for Richard T. Arrowsmith, as
Liquidating Trustee of The HDL Liquidating Trust
Daniel D. Sparks
Bradley R. Hightower
Christian & Small LLP
1800 Financial Center
505 North 20th Street
Birmingham, AL 35203
ddsparks@csattorneys.com
brhightower@csattorneys.com

Counsel for United States of America
Andrew D. Warner
U.S. Department of Justice
Civil Division
1100 L Street, NW, Room 7104
Washington, DC 20005
andrew.warner@usdoj.gov

Counsel for United States of America
Richard E. O'Neal
Ed Ragland
Assistant United States Attorney
1801 4th Avenue North
Birmingham, AL 35203
USAALN.BANKRUPTCY@usdoj.gov
Ed.Ragland@usdoj.gov

Counsel for Michael R. Waters
Seth B. Thompson
The Thompson Law Firm, LLC
1701 Main Avenue SW, Suite 5
Cullman, Alabama 35055
seththompson@thompsonattorneys.com

Jon A. Dudeck
Assistant U.S. Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203
jon_dudeck@alnba.uscourts.gov

Counsel for White Arnold & Dowd, PC
William Kent Upshaw
Comer & Upshaw, LLP
2107 2ndAvenue North
Birmingham, Alabama 35203
wkupshaw@comerupshaw.com

Counsel for Scarlett Lutz, Kayla Webster,
William J. Tuck, Esq. and Pietragallo, Gordon,
Alfano, Bosick & Raspanti, LLP
William C. Athanas
Waller Lansden Dortch & Davis LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Bill.Athanas@wallerlaw.com

Counsel for Stacy Chism Johnson, Stacy Chism
Johnson on behalf of Holland Johnson, a minor,
and Reagan Pittman
Lee R. Benton
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, AL 35203
lbenton@bcattys.com

Co-Counsel for Debtors
Christopher M. Kovach
Barnwell Whaley Patterson & Helms, LLC
288 Meeting Street, Suite 200
Charleston, SC 29401
ckovach@barnwell-whaley.com

Counsel for Scarlett Lutz, Kayla Webster,
William J. Tuck, and Pietragallo, Gordon, Alfano,
Bosick & Raspanti, LLP
Richard J. Parks
Pietragallo Gordon Alfano Bosick & Raspanti,
LLP
7 West State Street, Suite 100
Sharon, PA 16146
RJP@Pietragallo.com

Counsel for Claire Wilcox Johnson
Beverly Paschal Poston
200 First Avenue SE
Cullman, AL 35055
bposton@beverlypaschalposton.com

Counsel for JPMorgan Chase Bank N.A.
Jackson E Duncan, III
McCalla Raymer Leibert Pierce, LLC
1544 Old Alabama Road
Roswell, GA 30076
jackson.duncan@mccalla.com

**VIA E-MAIL:**

J. Thomas Corbett
Bankruptcy Administrator
1800 5th Avenue North
Birmingham, AL 35203
thomas_corbett@alnba.uscourts.gov

Counsel for Richard T. Arrowsmith, as
Liquidating Trustee of The HDL Liquidating Trust
Cullen D. Speckhart
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
cspeckhart@cooley.com

James C. Leventis, Jr.
US Attorneys Office (Cola)
1441 Main Street, Suite 500
Columbia, SC 29201
james.leventis@usdoj.gov

Counsel for Richard T. Arrowsmith, as
Liquidating Trustee of The HDL Liquidating Trust
Richard S. Kanowitz
Cooley LLP
55 Hudson Yards
New York, NY 10001
rkanowitz@cooley.com

Marc S. Raspanti
Pamela Coyle Brecht
Michael A. Morse
Pietragallo Gordon Alfano Bosick & Raspanti,
LLP
1818 Market Street, Suite 3402
Philadelphia, PA 19103
msr@pietragallo.com
pcb@pietragallo.com
mam@pietragallo.com

Counsel for United States of America
Michael David Kass
U.S. Department of Justice
175 N Street NE, Room 9.1308
Washington, DC 20002
michael.d.kass@usdoj.gov

**VIA U.S. MAIL:**

The District Director of the Internal Revenue
Service for the Northern District of Alabama
801 Tom Martin Drive
Birmingham, AL 35211

Chase Auto Finance
P.O. Box 901076
Fort Worth, TX 76101-2076